IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 29, 2011

## THOMAS EDWARD KOTEWA v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Anderson County**
**No. B0C00860    Donald R. Elledge, Judge**

———————————

**No. E2010-02305-CCA-R3-CO - Filed June 7, 2011**

———————————

The petitioner, Thomas Edward Kotewa, appeals the trial court's denial of his petition for writ of error coram nobis. Following our review of the record, the parties' briefs, and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Thomas Edward Kotewa, Pro Se, Wartburg, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; David S. Clark, District Attorney General; and Sandra N.C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Background

On November 6, 2006, the petitioner, Thomas Edward Kotewa, pleaded guilty to second degree murder involving the shooting death of the victim, LaShawn Terence Mims. Two witnesses identified the petitioner as the shooter, and the petitioner admitted shooting the victim. *See Thomas E. Kotewa v. State*, No. E2007-02193-CCA-R3-PC, 2009 WL 1635177, at * 1 (Tenn. Crim. App., at Knoxville, June 11, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009). The petitioner received an agreed-upon sentence of fifteen years as a Range I, violent offender. *Id.*

The petitioner filed a petition for post-conviction relief, which the post-conviction court denied on September 24, 2007. *Id.* This court affirmed the trial court's denial of post-conviction relief. *Id.* The Tennessee Supreme Court denied the petitioner's application for permission to appeal. *Id.*

On September 13, 2010, the petitioner filed a pro se "Petition for Writ of Error Coram Nobis." In his petition, he alleged that he was entitled to relief because he had "newly discovered evidence" which established "his actual and factual innocence by way of scientific and witness reports and statements of exculpatory material evidence." He claimed this new evidence would have resulted in the state's dismissing his case or his receiving a reduced sentence. On October 8, 2010, the trial court summarily dismissed the petition finding that the petitioner did not sign or date the petition, and the petition was not sworn. The petitioner filed a motion to reconsider and a notice of appeal on October 29, 2010.

**Analysis**

On appeal, the petitioner claims that the trial court erred by dismissing his petition. The petitioner asserts that he signed and dated the petition and that although he filed his petition outside the statute of limitations, this court should waive the statute of limitations based on principles of due process. Additionally, the petitioner contends that if given the opportunity for a hearing on his petition, he will present newly discovered evidence that would prove his innocence. The state responds that the petition was untimely, the petitioner did not support his claims of newly discovered evidence, and that relief through a petition for writ of error coram nobis in unavailable because the petitioner pleaded guilty and did not go to trial.

Tennessee Code Annotated section 40-26-105(b), (c) provides for relief by petition for writ of error coram nobis. That statute provides, in pertinent part that:

> (b) The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

(c)The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). "The purpose of this remedy is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment." *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004) (quoting *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995)). A petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly-discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater*, 160 S.W.3d at 553. The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Hart*, 911 S.W.2d at 375. Therefore, we review for abuse of discretion. *See State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

Relying on *Reid v. Hoffman*, 53 Tenn. 440 (1871), the trial court summarily dismissed the petition for writ of error coram nobis finding that "the petition [was] not signed, or dated by the petitioner, nor [was] there an affidavit swearing to the petitioner's signature and authenticity of the petition and the allegations therein." The petitioner alleges that, on page eighteen of the petition he signed and dated the petition and swore to it. Page eighteen of the handwritten petition has a date and signature line, but the petitioner neither dated nor signed the petition. Although the petitioner signed an affidavit attached as an exhibit to the petition, that is not sufficient to swear to the entire petition.

Furthermore, the petitioner pleaded guilty on November 6, 2006, and he filed his petition for writ of error coram nobis on September 13, 2010, almost four years later. The state did not raise the issue of the expiration of the statute of limitations at the trial level. According to the state, "the trial court summarily dismissed the case approximately three weeks after the petition was filed[, and] the State was not allowed time to respond to the petition[.]"

A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. *See* Tenn. Code Ann. § 27-7-103. However, a court may consider an untimely petition if applying the statute of limitations would deny the petitioner due process. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204, 209-10 (Tenn. 1992). To determine if due process requires tolling

-3-

of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the state's interest in preventing the litigation of stale and fraudulent claims. *Burford*, 845 S.W.2d at 208. More specifically, a court should utilize the following analysis: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are later-arising, determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). Although coram nobis claims also are governed by a one-year statute of limitations, the state bears the burden of raising the bar of the statute of limitations as an affirmative defense. *See Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003); *Sands*, 903 S.W.2d at 299.

Based on the record, it is clear that the petitioner filed his petition approximately four years after the statute of limitations had expired. Although the statute of limitations for filing a petition for writ of error coram nobis may be tolled based on principles of due process, nothing in the record here implicates any due process concerns that would require that the statute of limitations be tolled.

Moreover, even if we overlook the procedural defects and rule on the merits of the petition, the petitioner is not entitled to relief. The petitioner asserted that new exculpatory evidence would support his innocence. In his petition he claimed that (1) a latent fingerprint report; (2) a toxicology report confirming the victim's drug usage; (3) the police property reports that contained clothing seized for DNA testing and the results of DNA tests; (4) an autopsy report identifying the bullet fragment recovered from the victim's skull and lack of ballistics reports linking the bullet fragment to the murder weapon; (5) 911 reports; (6) police reports; and (7) a ballistic report from the murder weapon were newly discovered evidence.

The petitioner asserts that the state fraudulently misrepresented the facts of the case by stating that the only exculpatory evidence was a witness statement. However, besides the assertions in his petition, the petitioner did not present any of the alleged exculpatory evidence with his petition. Moreover, the petitioner did not explain how this alleged exculpatory evidence showed that his guilty plea was involuntary or unknowing. In the context of a guilty plea, "in order for a writ to issue, the [petitioner has] to present newly discovered evidence which would show that his plea was not voluntarily or knowingly entered." *Newsome v. State*, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998). Accordingly, we conclude that the petitioner is not entitle to relief on this issue.

We note that the supreme court's recently granted a defendant's application to appeal a coram nobis case involving a guilty plea. *Stephen Bernard Wlodarz v. State*, No.

-4-

E2008–02179–SC–R11–CO, 2010 WL 1998766, at *1 (Tenn. Crim. App., at Knoxville, Aug. 25, 2010), *perm. app. granted* (Tenn. Aug. 25, 2010) (stating that for purposes of supplemental briefing and oral argument, the court was particularly interested in whether the writ of error coram nobis could be used to challenge a guilty plea conviction). However, regardless of what the supreme court will hold in that case, the petitioner in the instant case has still failed to point to "new" evidence of actual innocence within the meaning of the coram nobis statute that would show that his plea was not voluntarily or knowingly entered.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE